```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                                  Case No. 19-02601-HWV
Dwain Charles Baker                                                                     Chapter 13
Michelle Louise Baker
         Debtors                          CERTIFICATE OF NOTICE
District/off: 0314-1           User: MMchugh                Page 1 of 2                 Date Rcvd: Jul 30, 2019
                               Form ID: pdf002              Total Noticed: 48


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 01, 2019.
db/jdb         +Dwain Charles Baker,    Michelle Louise Baker,    609 York Street,    Hanover, PA 17331-3363
5211241         Barclays,    P.O. Box 13337,    Philadelphia, PA 19101-3337
5226187         Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5211244         Citi Cards,    P.O. Box 70166,    Philadelphia, PA 19176-0166
5211245        +Client Services, Inc,    3451 Harry S. Truman Boulevard,    St. Charles, MO 63301-9816
5211250         Commercial Acceptance Company,    2300 Gettysburg Road,    Suite 102,    Camp Hill, PA 17011-7303
5211252         Discover,    P.O. Box 742655,    Cincinnati, OH 45274-2655
5211253         Emergency Phys Assoc of PA, Inc,    P.O. Box 740021,    Cincinnati, OH 45274-0021
5211254         First Bankcard/Dodge,    P.O. Box 2557,    Omaha, NE 68103-2557
5218646        +First National Bank of Omaha,    1620 Dodge Street, Stop Code 3105,    Omaha, NE 68197-0002
5211257         Hanover Medical Group,    P.O. Box 824221,    Philadelphia, PA 19182-4221
5211258         Home Depot Credit Services,    P.O. Box 9001010,    Louisville, KY 40290-1010
5211261         Macy's,    P.O. Box 78008,    Phoenix, AZ 85062-8008
5211265         PNC Bank,    P.O. Box 6534,    Carol Stream, IL 60197-6534
5211262        +Patenaude & Felix, A.P.C.,    4545 Murphy Canyon Road,    3rd Floor,    San Diego, CA 92123-4363
5211264         Phillips & Cohen Associates LTD,    1002 Justison Street,    Mail Stop 661,
                 Wilmington, DE 19801-5148
5211267        +Quantum Imaging & Theraputic Assoc,    629-D Lowther Road,    Lewisberry, PA 17339-9527
5211266         Quantum Imaging & Theraputic Assoc,    P.O. Box 62165,    Baltimore, MD 21264-2165
5211269        +Radius Global Solutions LLC,    P.O. Box 390905,    Mail Code FDD81,    Minneapolis, MN 55439-0905
5211270        +Radius Global Solutions LLC,    P.O. Box 390905,    Minneapolis, MN 55439-0905
5211268        +Radius Global Solutions LLC,    P.O. Box 390846,    Mail Code KHL1,    Minneapolis, MN 55439-0846
5211271         Sears Credit Cards,    P.O. Box 9001055,    Louisville, KY 40290-1055
5211275         Target Card Services,    P.O. Box 660170,    Dallas, TX 75266-0170
5211278         Wells Fargo Dealer Services,    P.O. Box 25341,    Santa Ana, CA 92799-5341

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 30 2019 19:14:21
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5211238         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:13:56      AEO/Synchrony Bank,
                 P.O. Box 530942,    Atlanta, GA 30353-0942
5211237         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:14:19      AEO/Synchrony Bank,
                 P.O. Box 960013,    Orlando, FL 32896-0013
5211240         E-mail/Text: legal@arsnational.com Jul 30 2019 19:12:15      ARS National Services Inc,
                 P.O. Box 469100,    Escondido, CA 92046-9100
5211239         E-mail/Text: ally@ebn.phinsolutions.com Jul 30 2019 19:12:09      Ally,
                 Payment Processing Center,    P.O. Box 9001951,    Louisville, KY 40290-1951
5211242         E-mail/Text: cms-bk@cms-collect.com Jul 30 2019 19:12:15      Capital Management Services LP,
                 698 1/2 South Ogden Street,    Buffalo, NY 14206-2317
5211246         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 30 2019 19:12:16      Comenity - Express,
                 P.O. Box 659728,    San Antonio, TX 78265-9728
5211247         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 30 2019 19:12:16      Comenity - HSN,
                 P.O. Box 659707,    San Antonio, TX 78265-9707
5211248         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 30 2019 19:12:16
                 Comenity - Victoria's Secret,    P.O. Box 659728,    San Antonio, TX 78265-9728
5211249         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 30 2019 19:12:16      Comenity-Bon Ton,
                 P.O. Box 659813,    San Antonio, TX 78265-9113
5211251         E-mail/PDF: creditonebknotifications@resurgent.com Jul 30 2019 19:14:46      Credit One Bank,
                 P.O. Box 60500,    City of Industry, CA 91716-0500
5213012         E-mail/Text: mrdiscen@discover.com Jul 30 2019 19:12:10      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5211255         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:14:42      GAP/Synchrony Bank,
                 P.O. Box 530942,    Atlanta, GA 30353-0942
5211256        +E-mail/Text: paparalegals@pandf.us Jul 30 2019 19:12:28      Gregg L. Morris, Esquire,
                 501 Corporate Drive,    Southpointe Center, Suite 205,    Canonsburg, PA 15317-8584
5211259         E-mail/Text: bncnotices@becket-lee.com Jul 30 2019 19:12:11      Kohl's Payment Center,
                 P.O. Box 2983,    Milwaukee, WI 53201-2983
5225775         E-mail/PDF: resurgentbknotifications@resurgent.com Jul 30 2019 19:14:46      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5211260         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:14:18      Lowes/Synchrony Bank,
                 P.O. Box 530914,    Atlanta, GA 30353-0914
5211263        +E-mail/Text: paparalegals@pandf.us Jul 30 2019 19:12:28      Patenaude & Felix, A.P.C.,
                 501 Corporate Drive,    Southepointe Center, Suite 205,    Canonsburg, PA 15317-8584
5211272         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:13:56      Synchrony Bank,    P.O. Box 960061,
                 Orlando, FL 32896-0061
5211624        +E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:13:57      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5211273         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:13:57      Synchrony Bank/Care Credit,
                 P.O. Box 960061,    Orlando, FL 32896-0061
5211274         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:13:56      Synchrony Bank/JCP,
                 P.O. Box 960090,    Orlando, FL 32896-0090
5211276         E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 19:14:18      TJX Rewards/SYNCB,
                 P.O. Box 530949,    Atlanta, GA 30353-0949
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5211277          E-mail/Text: julie.baugher@pinnaclehealth.org Jul 30 2019 19:12:10      UPMC Pinnacle Hanover,
                  P.O. Box 824234,   Philadelphia, PA 19182-4234
                                                                                                 TOTAL: 24

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5211243*         Capital Management Services, LP,    698 1/2 South Ogden Street,    Buffalo, NY 14206-2317
5226188*         Capital One, N.A.,   c/o Becket and Lee LLP,   PO Box 3001,   Malvern PA 19355-0701
                                                                                      TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2019                              Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 30, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL  ASSOCIATION bkgroup@kmllawgroup.com
              Thomas E. Miller    on behalf of Debtor 1 Dwain Charles Baker staff@tommillerlawoffice.com
              Thomas E. Miller    on behalf of Debtor 2 Michelle Louise  Baker staff@tommillerlawoffice.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                 TOTAL: 5
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DWAIN CHARLES BAKER and | : | |
| MICHELLE LOUISE BAKER, | : | |
|     Husband and Wife, | : | CASE NO. 1:19-bk-02601 |
|         Debtors | : | |
| | : | _X_ ORIGINAL PLAN |
| | : | ___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, |
| | : |  etc.) |
| | : | ___ Number of Motions to Avoid Liens |
| | : | ___ Number of Motions to Value Collateral |

## **CHAPTER 13 PLAN**

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### **YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments From Future Income**

    1. To date, Debtor has paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the term of the Plan (60 months) the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $12,000.00, plus other payments and property stated in §1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 7/2019 | 6/2024 | $200.00 | $0.00 | $200.00 | |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $12,000.00 |

    2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (  ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (X) Debtor is over median income. Debtor estimates that a minimum of $75.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines:*

_X_ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS**

A. **Pre-Confirmation Distributions.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B.   Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___   None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ally | 2014 Jeep Compass | 2047 |
| PNC Bank | 609 York Street, Hanover, PA 17331 | 8662 |
| Wells Fargo Dealer Services | 2015 Dodge Dart GT | 1160 |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for a § 506 valuation is not applicable, etc.)**

_X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured by claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

5

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

    **F.**    **Surrender of Collateral.** *Check one.*

_X_  None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___  The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

    **G.**    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_  None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___  The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

7

| Name of Lien Holder | | |
|---|---|---|
| Lien Description - For a judicial lien, include court and docket number. | | |
| Description of the liened property | | |
| Liened Asset Value | | |
| Sum of Senior Liens | | |
| Exemption Claimed | | |
| Amount of Lien | | |
| Amount Avoided | | |

**3. PRIORITY CLAIMS.**

    **A. Administrative Claims**

        1. <u>Trustee fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

            a. In addition to the retainer of $1,390.00 already paid by the Debtor, the amount of $2,610.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2 (c); or

            b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

    _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    \_\_\_ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

    **B.**    **Priority Claims (including, certain Domestic Support Obligations**

        ___    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

    **C.**    **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).**  *Check one of the following two lines.*

        _X_    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

        ___    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4.**    **UNSECURED CLAIMS**

    **A.**    **Claims of Unsecured Nonpriority Creditors Specially Classified.**  *Check one of the following two lines.*

        _X_    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

9

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND EXPIRED LEASES.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   _X_ plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

10

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1:
   Level 2:
   Level 3:
   Level 4:
   Level 5:
   Level 6:
   Level 7:
   Level 8:

   *If the above levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1:   Adequate protection payments.
   Level 2:   Debtor's attorney's fees.
   Level 3:   Domestic Support Obligations.
   Level 4:   Priority claims, pro rata.
   Level 5:   Secured claims, pro rata.
   Level 6:   Specially classified unsecured claims.
   Level 7:   Timely filed general unsecured claims.
   Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

   **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

11

Dated: June 14, 2019     s/ Thomas E. Miller, Esquire
                         Attorney for Debtor

Dated: June 14, 2019     s/Dwain Charles Baker
                         Debtor

Dated: June 14, 2019     s/Michelle Louise Baker
                         Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies this plan contains no nonstandard provisions other than those set out in § 9.

12